## 10045

### DUNCAN *ET AL.* v. UNION-BUFFALO MILLS CO.

#### (96 S. E. 522.)

1. APPEAL AND ERROR — HARMLESS ERROR — INSTRUCTIONS—REQUESTS.— Where there was not much difference between plaintiffs' and defendant's requests for instructions, defendant cannot complain that plaintiffs' requests, rather than its own, were given.

2. WATER AND WATERCOURSES—POLLUTION OF STREAM—INJUNCTION.— Injunction against milling company on account of its operation of a sewage disposal plant polluting a stream should have extended only to the unlawful use of the plant; total injunction of its operation being improper, where the company's land was entirely surrounded by the lands of plaintiff.

3. APPEAL AND ERROR — SUPERSEDEAS — AUTHORITY — CIRCUIT JUDGES.— One Circuit Judge cannot supersede the order of another.

4. APPEAL AND ERROR—SUPERSEDEAS.—That defendant, in suit to enjoin operation of sewage disposal plant polluting stream, was obliged to have relief against injunction decree, so that its supersedeas proceeding before another Circuit Judge was taken almost under duress, does not avail it; the new rule providing an expeditious way for procuring supersedeas.

Before RICE, J., Union, Spring term, 1917. Decree modified and order of supersedeas reversed.

Action by T. C. Duncan, as trustee, etc., and others, against the Union-Buffalo Mills Company. From a judgment and decree for plaintiffs, and from an order of supersedeas, defendant appeals.

*Messrs. Wm. Elliott, W. C. McLain* and *J. A. Sawyer,* for appellant. *Messrs. Wm. Elliott* and *W. C. McLain* cite: *As to charge upon facts:* Constitution of 1895, article V, sec. 26; 47 S. C. 488; 49 S. C. 488; 51 S. C. 453; 61 S. C. 556; 61 S. C. 357; 63 S. C. 516; 68 S. C. 153; 71 S. C. 156; 104 S. C. 16. *Order of injunction should be modified:* Fuller on Sewage Disposal, pp. 687, 522, 741.

*Messrs. Wallace & Barron,* for respondent, cite: *As to charge upon facts:* 93 S. C. 426; 98 S. C. 338; 88 S. C. 162; 4th Cooley on Torts, pp. 1213-1216; 81 Am. St. Repts. 727;

85 S. C. 1. *As to right of plaintiff to have an order of injunction to prevent continuance of nuisance:* 85 S. C. 6-7; 81 S. C. 554; 93 S. C. 426; High on Injunctions, vol. I, p. 471; 49 S. C. 49; 17 S. C. 417; 24 S. C. 44; 60 S. C. 570; 63 S. C. 45; 81 S. C. 561; High on Injunctions, pp. 475-476; 77 S. C. 484; 54 S. C. 435; 77 Am. St. Reports. 335; High on Inj. (2d Ed.), p. 481; 54 S. C. 437; Cooley on Torts, pp. 1216-1213. *As to alleged admission of improper testimony as to damages:* 82 S. C. 87; 93 S. C. 168; 73 S. C. 12; 17 S. C. 580; 82 S. C. 276; 5 Rich. 428; 6 Rich. 47. *As to a Circuit Judge being without authority to grant an order of supersedeas where an appeal is taken from an injunction:* 87 S. C. 304; 67 S. C. 236; 45 S. E. 153; 104 S. C. 245; 40 S. C. 202; 7th A. & E. Law, 2d Ed. 436; 6 S. C. 169.

July 16, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Appellant's statement: "This was an action for damages and for an injunction brought against Union Buffalo Mills Company, on account of its operation and maintenance of a sewage disposal plant for the benefit of its employees living in Buffalo Mill Village, about four miles from the city of Union. The sewage complained of is discharged by pipes into Buffalo Creek, which runs through the property of plaintiffs and defendant. There were also allegations of trespass, in that defendant's agents and servants, in burying sewage and running its outlet pipe, had crossed over a few feet of plaintiff's land. The foundation for the case was laid by the service of a notice more than ten days before the commencement of the action, calling attention to the alleged nuisance created by the sewage disposal plant and other matters, and demanding that the sewage disposal plant be removed and the system abandoned within ten days, and

that the other alleged nuisance be abated.    The summons
and complaint were served on July 2, 1915, and the cause
came on to be heard before his Honor, Judge Rice, and a
jury, at the February, 1916, term of Common Pleas for
Union county.    The question of damages and five special
questions were submitted to the jury who returned a verdict
for $350 damages, and answered affirmatively the question
raising the issue of nuisance, but answered negatively the
question raising the issue of trespass.    These questions will
be found in the Judge's charge printed in full in the 'case.'
Thereupon the presiding Judge granted the injunction com-
plained of requiring defendant to cease operating its sew-
age disposal plant at all events, regardless of the manner
of operation.    Thereafter notice of appeal to this Court
was duly served, and subsequently an order of supersedeas
was sought from Judge Sease, then holding Court in the
Seventh Circuit, on petition and affidavit set out in full in
the case.    After hearing argument and affidavits Judge
Sease granted an order of supersedeas which was condi-
tioned, however, not upon the giving of security for possible
damages by the defendant, but upon defendant's consent to
pay to plaintiff the sum of $50 per month liquidated dam-
ages, regardless of whether any damages whatever were
inflicted.    From this order appeal was taken and the case
is now before this Court on a case and exceptions question-
ing the judgment, the decree of injunction, and also the
conditions imposed in the order of supersedeas.

"The defendant now asks this Court: First, to reverse
the judgment and decree of the lower Court and to modify
the order of supersedeas herein for the reason that errors of
law were committed by their Honors, the Circuit Judges;
second, to reverse the decrees of his Honor, Judge Rice,
because, under all the facts and circumstances, the decree
was unwarranted; third, failing in the above, defendant
asks this Court to modify the decree of the Circuit Court
for the reason that it is too stringent, and exceeds the

demand of the equity in the case.   Reversal under the first head is asked upon the grounds set forth in the first, second, third, sixth and seventh exceptions.   Reversal or modification under the second and third heads is asked upon the grounds set forth in exceptions 4 and 5.   Instead of taking up the exceptions in their order, the argument will, for clearness, follow and be based upon the three propositions first above stated."

1. The first question raised is in the refusal of Judge Rice to grant a nonsuit in favor of the defendant on the ground that there was no evidence that the plaintiffs had been damaged.   This exception cannot be sustained.   There was abundant evidence.

2. Complaint is made of the following charge: "I further charge you, while the defendant company has the right to make a reasonable use of the waters of Buffalo Creek and the air and atmosphere as it passes over their lands and premises, they have not the right to make such use of it and turn it loose so that it is rendered unfit for the use of plaintiffs when it comes to them.   It would be an unreasonable use for the company to pollute the waters of the creek so that plaintiffs could not use it for pasturage purposes and for cattle to use the same and drink it in the land of plaintiffs.   Likewise, it would be unreasonable use of the air and atmosphere for the defendant to so impregnate the air and atmosphere with foul and offensive odors and dangerous gases as that it would injure the plaintiffs in the use and occupation of their property.   A company may find it necessary to befoul and contaminate a stream or the atmosphere, but, when this is so, it must buy the rights and property of those that will be injuriously affected, or expect the respond in damages."

His Honor then charged the jury as follows:

"Now, the last part of that, gentlemen, I will say, I will charge the first part of it—that it would be unreasonable use to use it in such a way as to damage the plaintiff and to

make the waters unfit for use, or to create gases or maintain a place where such gases are created as would pass over upon the lands of the plaintiffs and render them unfit for use as habitation, or gases to such an extent as would seriously damage them in the use of the lands for the purposes for which such lands may be used; it may be building lots and it may be farm lands, or anything else.  Now, that does not mean that no man can maintain such a place that no gases of any kind, or even noxious gases, will escape from his place and on to his neighbor, but he can't maintain a place where gases are generated in such an amount where it would seriously injure his neighbor, whether it is farm lands or for building lots or other purposes; and if any one does that, and they damage their neighbor, the law says the neighbor can recover of them a sufficient amount to compensate them for the damages they have been done.  And I have said to you already in the body of the charge that, if the plaintiff has made out a case along these lines, then they are entitled to damages at your hands.  If they have failed to make it out, then they are not entitled to it."

His Honor charged the jury that the defendant had a right to make a reasonable use of Buffalo Creek, and that it could not use it and turn it loose as pure as it had come. Then in response to the defendant's request his Honor had charged :

"Owners of land on the banks of a stream are entitled to the reasonable use of the stream; that they can use the stream for their own purposes to a reasonable extent; that while it is true that a stream must not be polluted, still this does not mean that nothing can be put in the stream; but that nothing can be put therein that will deprive the landowners below to the reasonable use of the stream."

There is not much difference in the requests of the appellant and the respondents.  The appellant cannot complain.

3. The next thing of which appellant complains is that his Honor, Judge Rice, enjoined totally the operation of the

sewage plant.   This exception is sustained.   The injunction should have extended only to the unlawful use of the plant.   The defendant's land is entirely surrounded by the lands of the plaintiff, and to enjoin the operation of the plant entirely might be to convert the defendant's property into a pest house.   This proposition is sustained.

4. The next cause of complaint is the order of supersedeas made by Judge Sease.   One Circuit Judge cannot supersede the order of another.   The appellant led his Honor into error.   The appellant says it was obliged to have relief, and the proceeding was taken almost under duress.   This does not avail.   The new rule provides an expeditious way for procuring a supersedeas.

The decree of Judge Rice is modified as above set forth.

Judge Sease's order is reversed.